IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

EAGLE FORGE SERVICES, LLC, et al.,

        Plaintiffs,

v.                                         CIVIL ACTION NO.   2:25-cv-00098

JAMES SCOTT KREUTZER, et al.,

        Defendants.

**ORDER**

Pending before the court is the Defendant James Scott Kreutzer's unopposed Motions to Seal Notice of Removal [ECF No.1] and File Answers Under Seal [ECF No.5]. The basis cited for both motions is the Circuit Court's decision to seal the complaint and all other filings in the case prior to removal. The common law right affords presumptive access to all judicial records and documents. *Nixon v. Warner Comms., Inc.*, 435 U.S. 589, 597 (1978); *Stone v. University of Md. Medical Sys. Corp.*, 855 F.2d 178, 180 (4th Cir. 1988). Materials that fall within the common law right may be sealed only if competing interests outweigh the public's right of access. Generally, "all documents filed for the Court's consideration in a civil case, even if not the subject of a judicial decision, are subject to presumptive access." *Walker Sys. v. Hubbell, Inc*., 188 F.R.D. 428, 429 (S.D. W. Va. 1999). Further, in accordance with Local Rule of Civil Procedure 26.4(b)(2), a motion to seal must be accompanied by a memorandum of law and the court will only seal documents when "exceptional circumstances" are present. Loc. R. Civ. P. 26.4(b). However, I acknowledge that the Supreme Court intended for federal courts to take cases up where "the State

court left off". *Duncan v. Gegan*, 101 U.S. 810, 812 (1880). Pending further review, and seeing no response from the plaintiff, sealing remains appropriate.

Accordingly, the defendant's Motion to Seal Notice of Removal [ECF No.1] and File Answers Under Seal [ECF No.5] are **GRANTED**. The court **DIRECTS** the Clerk to seal the Notice of Removal but to docket this order granting the sealing as the Clerk normally would. Further, the court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: March 20, 2025

JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE